## COMMONWEALTH vs. LARRY MURCHISON.

Suffolk. September 3, 1998. - November 3, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Moot Question. Due Process of Law,* Hearing, Pretrial detainees. *Constitutional Law,* Preventive detention. *Bail.*

A criminal defendant who was detained without bail before trial in the District Court pursuant to the Commonwealth's motion under G. L. c. 276, § 58A, and who was subsequently indicted for the same offenses, was entitled to a new hearing after arraignment in the Superior Court to determine whether he might continue to be so detained [305-307]; at such hearing, the judge could consider and give appropriate weight to the District Court transcript and record in making an independent determination with respect to pretrial detention [307-308].

INDICTMENTS found and returned in the Superior Court Department on January 2, 1997.

Motions by the defendant for bail and by the Commonwealth to continue the defendant's District Court bail status were heard by *Regina L. Quinlan,* J., and a question of law was reported to the Appeals Court by her. The Supreme Judicial Court transferred the case on its own initiative.

*JoAnn Donovan,* Committee for Public Counsel Services, for the defendant.

*Jane L. McDonough,* Assistant District Attorney, for the Commonwealth.

FRIED, J. The Superior Court must hold a new hearing in order to determine whether a defendant previously subject to a pretrial detention order in a District Court may be detained without bail after an arraignment in the Superior Court. At such subsequent hearing the transcript and record of the District Court hearing may be given whatever weight the Superior Court judge finds appropriate.

I

The defendant was charged in the Roxbury Division of the

District Court Department with assault and battery. Pursuant to G. L. c. 276, § 58A, the District Court judge held an evidentiary hearing and allowed the Commonwealth's motion for pretrial detention.

Two weeks later, a Suffolk County grand jury returned five indictments against the defendant — one for assault with intent to murder, one for mayhem, and three for assault and battery. These charges related to the same events and the same victim as did the District Court proceedings. At that time the complaints against the defendant in the Roxbury District Court were dismissed. At the arraignment in the Superior Court, the Commonwealth requested that the District Court detention order remain in effect. A clerk-magistrate allowed the Commonwealth's request, stating, "All we will do here is reference that and send a commitment paper down to the jail referencing the date of his original commitment after being found to be dangerous," and ordered that the defendant continue to be held without bail based on the fact that he had already been adjudicated a dangerous person pursuant to § 58A by the District Court judge.

The defendant filed a motion for bail in the Superior Court, asserting that his continued detention based on the District Court order was in contravention of G. L. c. 276, § 58A. The Commonwealth in turn asked for a continuation of the defendant's District Court bail status. The Superior Court judge denied the continuation of the defendant's bail status and admitted him to bail.

Noting the differing interpretations and applications of the statute and the substantial significance of this "frequent and difficult issue which confronts the Superior Court with respect to the implementation of G. L. c. 276, § 58A," the judge, in accordance with Mass. R. Crim. P. 34, 378 Mass. 905 (1979), reported to the Appeals Court the question of the proper procedure to be followed in such instances.[1] We transferred the case here on our own motion.

---

[1] The specific question reported by the judge asks:

"Where G. L. c. 276 § 58A does not expressly provide for those cases wherein a defendant has first been complained of in the District Court and held pursuant to § 58A and the defendant is subsequently indicted for offenses arising from the same incident, is the Commonwealth required to follow the procedures set forth in § 58A to obtain a new Order of Pretrial Detention or may a Clerk Magistrate of the Superior Court continue the District Court order without further hearing?"

## II

## A

We note at the outset that, although this case is moot, as the defendant has admitted guilt and is no longer subject to pretrial detention under § 58A, it is appropriate that we rule on this question. The issue of the proper procedure to be followed in circumstances in which there has been a prior District Court order is important to the implementation of § 58A by the Superior Court, yet is likely to evade appellate review in the ordinary course. A conviction or plea may render issues concerning pretrial detention moot; a finding of not guilty results in release of the defendant. In similar cases, we have often proceeded to consider important, recurring questions. See, e.g., *Mendonza* v. *Commonwealth*, 423 Mass. 771, 777 (1996) (reviewing constitutionality of pretrial detention statute); *Aime* v. *Commonwealth*, 414 Mass. 667, 670 (1993) ("we do not hesitate to reach the merits of cases that no longer involve a live dispute so as to further the public interest"); *Lockhart* v. *Attorney Gen.*, 390 Mass. 780, 785 (1984) (recurring issues "need not evade review before they become moot"). Nor must the case be capable of repetition with respect only to the same claimant. The doctrine is designed to assist in the clarification of law generally, not simply to aid a particular party. See *Norwood Hosp.* v. *Munoz*, 409 Mass. 116, 121 (1991); *Wolf* v. *Commissioner of Pub. Welfare*, 367 Mass. 293, 298 (1975).

## B

Although we have held the Commonwealth's pretrial detention statute constitutional on its face, *Mendonza, supra* at 773, it is clear, as the judge noted, that "problems in the administration of this relatively new law have not yet been worked out," quoting Commonwealth *vs.* Cartolano, S.J.C. No. SJ-94-0619 (Dec. 30, 1994). This case exemplifies one such administrative problem. The law's requirements have been subject to divergent interpretations at the Superior Court level. The defendant asserts that, notwithstanding the prior detention hearing held in the District Court, once he was indicted in the Superior Court, he was entitled to a hearing there on the issue of pretrial detention.

General Laws c. 276, §§ 58 and 58A, dictate that, when the Commonwealth requests that a defendant be detained prior to

trial, the defendant is entitled to a hearing. The final paragraph of G. L. c. 276, § 58, states, in relevant part, that "[f]or an offense enumerated in section fifty-eight A, and upon the motion of an attorney for the commonwealth for an order of pretrial detention or imposition of conditions of release based on dangerousness, *a justice of the district or superior court shall hold a hearing pursuant to the provisions of subsection (4) of said section fifty-eight A . . .*" (emphasis added). Subsection (2) of § 58A states that, "[u]pon the appearance before a superior court or district court judge of an individual charged with an offense listed in subsection (1) and upon the motion of the commonwealth, *the judicial officer shall hold a hearing pursuant to subsection (4)* issue an order that, pending trial, the individual shall either be released on personal recognizance without surety; released on conditions of release as set forth herein; or detained under subsection (3)" (emphasis added). And subsection (3), which provides for the option of pretrial detention once an individual has been adjudicated dangerous, begins by stating "[i]f, *after a hearing pursuant to the provisions of subsection (4),* the district or superior court justice finds by clear and convincing evidence that no conditions of release will reasonably assure the safety of any other person or the community, said justice shall order the detention of the person prior to trial" (emphasis added).

The Commonwealth argues that the mandates of §§ 58 and 58A have been complied with in a case such as this because the individual charged has indeed been accorded a hearing before "a justice of the district court or the superior court," and that the statute does not, in the event of a subsequent charge in Superior Court, require that a hearing have been held before both a justice of the District Court and a justice of the Superior Court.

There is considerable practical force to the Commonwealth's contention. If the accused is not subject to any longer period of detention as a result of his continued detention under the original District Court order and because the indicia of dangerousness will, in all likelihood, remain the same at the time of the Superior Court arraignment, there is little chance of prejudice and a real likelihood of avoiding needless duplication in eschewing a mandatory second hearing. Moreover, if circumstances have changed or there is new evidence, the accused may ask that the hearing be reopened, G. L. c. 276, § 58A (4), or peti-

tion the Superior Court for a review of the detention order. G. L. c. 276, § 58A (7).

Whatever the merits of the Commonwealth's proposal as a matter of legislative policy, the statute cannot easily be read to accord with it. In this and similar cases, the charges on the basis of which the District Court ordered detention have been dismissed so they cannot support continued detention. Continued detention must be on the basis of the new charges in the Superior Court and to allow this without a new hearing would do violence to the language and structure of the statute.

The accused in this case is charged on indictments for assault with intent to murder, mayhem, and assault and battery. It is on those charges that he is to be detained, if he is to be detained at all. We agree with the Commonwealth's contention that, under this line of reasoning, a new period of ninety days would run from the entry of the detention order in the Superior Court. But the Commonwealth must take the bitter with the sweet. The statute requires that there shall be a hearing if the Commonwealth moves that the accused be detained on these charges. It makes no provision for the continued detention under the District Court order relating to charges — based on the same event — that have now been dismissed.

Nor does it seem that the absence of a provision allowing for the continuation of detention was merely an omission. There is a provision in § 58 explicitly allowing bail posted in the District Court to be transferred to the Superior Court following arraignment (though the District Court determination is not binding on the Superior Court). The absence of a parallel provision regarding a defendant previously held in the District Court due to a finding of dangerousness suggests that we properly discern the Legislature's intention here.

C

The statutory requirement that the Superior Court provide a hearing upon arraignment does not, however, dictate that the District Court hearing be disregarded. The statute does dictate that the defendant "shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information." G. L. c. 276, § 58A (4). But it also states that the judge shall make an assessment "on the basis of any information which he can reasonably obtain," G. L. c. 276, § 58A (5), and that "[t]he rules concern-

ing admissibility of evidence in criminal trials shall not apply to the presentation and consideration of information at the hearing." G. L. c. 276, § 58A (4). Thus, the Commonwealth may, if it chooses, submit the transcript and record of the District Court proceedings without supplementation, and the Superior Court judge may consider these materials and give them whatever weight that judge deems appropriate. The defendant has the right to present new information. The Superior Court judge has the discretion to take testimony and so long as he makes his own independent determination of the facts based on the record as presented to him, the hearing requirement is satisfied.

## III

We answer the reported question by holding that a person previously subject to detention under § 58A based on an order of the District Court is entitled to a hearing on the subject upon arraignment in the Superior Court, but that the transcript and record of the earlier hearing may be considered by the Superior Court judge and given whatever weight he deems appropriate.