NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12687

JAMES FINN vs.  COMMONWEALTH.


Suffolk.     April 2, 2019. - August 13, 2019.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher, &
Kafker, JJ.


Pretrial Detention.  Practice, Criminal, Arraignment.  Arrest.
    Statute, Construction.



    Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on January 8, 2019.

    The case was reported by Budd, J.


    Lisa S. Core for the petitioner.
    Catherine P. Sullivan, Assistant District Attorney
(Christina P. Ronan, Assistant District Attorney, also present)
for the Commonwealth.
    Benjamin H. Keehn & Rebecca Kiley, Committee for Public
Counsel Services, for Committee for Public Counsel Services,
amicus curiae, submitted a brief.


    GAZIANO, J.  In this case, we consider whether G. L.

c. 276, § 58A, allows the Commonwealth to seek a dangerousness

hearing when a defendant appears before a Superior Court judge

for arraignment pursuant to a postindictment summons, rather

than an arrest warrant.  We conclude that the language of the statute permits a Superior Court judge to conduct a dangerousness hearing upon a defendant's first appearance in that court, regardless of whether that appearance is pursuant to a summons or to an arrest warrant.[1]

1.  Background.  In December of 2017, the defendant was arrested and charged by criminal complaint in the District Court with one count of indecent assault and battery on a child under the age of fourteen, G. L. c. 265, § 13B; one count of open and gross lewdness, G. L. c. 272, § 16; and three counts of dissemination of obscene material to a minor, G. L. c. 272, § 28.  The offense involved allegations concerning three children (two of whom were related) who lived in the defendant's apartment building.  At arraignment, the Commonwealth moved for pretrial detention pursuant to G. L. c. 276, § 58A.  After an evidentiary hearing, a District Court judge ordered that the defendant be held without bail.  The judge then allowed the defendant's motion for reconsideration, and ordered that the defendant could be released with conditions, including global positioning system monitoring, a "no contact" order with the alleged victims and the witnesses, and a prohibition on alcohol

---

[1] We acknowledge the amicus letter submitted by the Committee for Public Counsel Services.

and drug use. The defendant was released under these conditions in January 2018.

Approximately three weeks later, in February 2018, a grand jury indicted the defendant on three counts of indecent assault and battery on a child under the age of fourteen, and two counts of disseminating obscene material to a minor, for the same events underlying the December 2017 complaint. The prosecutor arranged with defense counsel to schedule the defendant's arraignment in the Superior Court; no new arrest warrant was issued. The defendant complied with a summons, and was arraigned in March 2018. At arraignment, the Commonwealth moved for pretrial detention pursuant to G. L. c. 276, § 58A. The defendant opposed the motion on the ground that the Commonwealth lacked the right to seek a dangerousness hearing in the Superior Court because the defendant had not been "'subject to arrest' or 'held under arrest' when he appeared for his arraignment, pursuant to [a] summons."

In a written memorandum of decision, a Superior Court judge allowed the motion for pretrial detention, without prejudice.[2]

_____

[2] The judge sufficiently explained his reasoning, the options he considered, and how he reached his conclusion. See G. L. c. 276, § 58A (5) (in determining "whether there are conditions of release that will reasonably assure the safety of any other individual or the community," judge "shall . . . take into account the nature and seriousness of the danger posed to any person or the community that would result by the person's release, the nature and circumstances of the offense charged,

The judge concluded that this court's interpretation of G. L.
c. 276, § 58A, as set forth in Commonwealth v. Diggs, 475
Mass. 79, 80 (2016), allowed the Commonwealth to seek a
dangerousness hearing in the Superior Court notwithstanding the
defendant's release on conditions following his arraignment in
the District Court.  The judge considered and rejected the
defendant's proffered conditions of release (including
relocating to a motel), and found "that such conditions do not
reasonably assure the safety of young children in the
community."[3]  See G. L. c. 276, § 58A (3).  Approximately ten
months later, the defendant filed an emergency petition for

---

the potential penalty the person faces, the person's family
ties, employment record and history of mental illness, his
reputation, the risk that the person will obstruct or attempt to
obstruct justice or threaten, injure or intimidate or attempt to
threaten, injure or intimidate a prospective witness or juror,
his record of convictions, if any, any illegal drug distribution
or present drug dependency, whether the person is on bail
pending adjudication of a prior charge, whether the acts alleged
involve abuse . . . or violation of a temporary or permanent
[restraining] order . . . , whether the person has any history
of [protective] orders issued against him [or her] . . . , [and]
whether he [or she] is on probation, parole or other release
pending completion of sentence . . .").

[3] The judge determined that because the defendant could not
identify a "suitable residence and custodian," the defendant
would need to reside at a place of public accommodation; the
judge then concluded that "[i]f children in a large apartment
building were at risk, as this court has found probable cause to
believe, children in an unsupervised place of public
accommodation would also be at risk."  Nonetheless, the
defendant "remain[ed] free to make a more significant
presentation of a proffered custodian and residence."

interlocutory review in the county court, pursuant to G. L. c. 211, § 3, seeking to vacate the order of pretrial detention. The single justice reserved and reported the matter to the full court.

2. Discussion. We confine our review to the legal question before us: the defendant's argument that the Commonwealth lacked authority to move to detain him pursuant to G. L. c. 276, § 58A, because he was not "under arrest" or subject to arrest within the meaning of the statute when he appeared in the Superior Court pursuant to a summons.[4] See Commonwealth v. Giang, 402 Mass. 604, 608 (1988). We review this question of statutory interpretation de novo. Diggs, 475 Mass. at 81.

We interpret a statute "according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be

---

[4] We note that this opinion likely will be released after the completion of the defendant's trial, meaning that the case will become moot. Nonetheless, we address this issue because it is "of recurring importance to the administration of justice in the Commonwealth," and likely to evade review. See Commonwealth v. Lester L., 445 Mass. 250, 253 (2005); Mendonza v. Commonwealth, 423 Mass. 771, 777 (1996).

effectuated."  O'Brien v. Director of the Div. of Employment

Sec., 393 Mass. 482, 487-488 (1984), quoting Industrial Fin.

Corp. v. State Tax Comm'n, 367 Mass. 360, 364 (1975).

The primary purpose of G. L. c. 276, § 58A, is to

"protect[] the public from the potential harm posed by persons

who have been arrested or are subject to arrest, who have been

found to be dangerous."  Diggs, 475 Mass. at 84.  Accordingly,

the statute "permits pretrial detention of persons accused of

certain crimes on the grounds of dangerousness, in order to

protect public safety."  Commonwealth v. G.F., 479 Mass. 180,

198 (2018), citing Mendonza v. Commonwealth, 423 Mass. 771, 778,

782, 790 (1996).

As relevant here, G. L. c. 276, § 58A (4), provides in

pertinent part:

> "When a person is held under arrest for an offense listed
> in subsection (1) and upon a motion by the [C]ommonwealth,
> the judge shall hold a hearing to determine whether
> conditions of release will reasonably assure the safety of
> any other person or the community."

In Diggs, 475 Mass. at 82, we noted that the statute does not

provide a definition of the phrase "held under arrest," within

the meaning of this subsection.  We rejected a strictly literal

interpretation of the phrase, and observed that, in light of the

statute's primary purpose to protect the public, "it is unlikely

that the Legislature intended to draw arbitrary distinctions

between individuals who have been released on bail by a

magistrate, those who are arrested and in physical custody, and those for whom an arrest warrant has issued, but has not been executed."  Id. at 84.  See Commonwealth v. Peterson, 476 Mass. 163, 167 (2017) ("we do not adhere . . . to a literal reading of a statute if doing so would yield an 'absurd' or 'illogical' result" [citation omitted]).  We concluded in Diggs. supra at 80, "that where a criminal defendant has been arrested or is subject to an outstanding arrest warrant for an enumerated offense, the defendant may be subject to pretrial detention under G. L. c. 276, § 58A (4), even if the defendant is not held in custody following the arrest, so long as the dangerousness hearing takes place 'immediately upon the person's first appearance before the court.'"

The defendant nonetheless argues that the Superior Court judge lacked authority to detain him under G. L. c. 276, § 58A. The defendant maintains that he "was not 'held under arrest' -- as the terms of the 'dangerousness' statute requires -- or subject to arrest -- as interpreted by Diggs -- when he first appeared . . . in the . . . [S]uperior [C]ourt, notwithstanding that he was previously arrested and arraigned in the . . . [D]istrict [C]ourt."  We do not agree.

The defendant would require the Commonwealth to rearrest any individual who previously had been released on conditions after a dangerousness hearing in the District Court, or released

under G. L. c. 276, § 58, should the Commonwealth seek a dangerousness hearing following an indictment and subsequent arraignment in the Superior Court. This argument is unavailing and would produce illogical results. It also is inconsistent with our existing precedent. See Commonwealth v. Murchison, 428 Mass. 303, 303 (1998) ("The Superior Court must hold a new hearing in order to determine whether a defendant previously subject to a pretrial detention order in a District Court may be detained without bail after an arraignment in the Superior Court"). See also Commonwealth v. Parella, 464 Mass. 274, 280 (2013) ("an indictment and a complaint are the products of two distinct procedures, and are not interchangeable labels for the commencement of a criminal proceeding"); Commonwealth v. Madden, 458 Mass. 607, 607 (2010) (Superior Court judge has "authority to review and modify pretrial conditions of release imposed on a defendant by a District Court judge pursuant to G. L. c. 276, § 58A"); Commesso v. Commonwealth, 369 Mass. 368, 373 (1975) (G. L. c. 276, § 58A (4), "requires the Superior Court judge to consider the matter anew and to exercise his [or her] own judgment and discretion").

Moreover, subjecting a defendant to arrest is more disruptive to that defendant than is a mutual agreement to appear in court pursuant to a summons. The defendant's reading would result in increased arrests, and unnecessary use of

Commonwealth and court resources, where an arrest may be unnecessary. We discern "nothing in the history or purpose of the statute that justifies such an extreme and excessive result." Peterson, 476 Mass. at 168.

When a defendant is indicted, regardless of whether the indictment was preceded by a criminal complaint, that defendant is subject to the possibility of arrest on those charges if a court determines that the defendant is unlikely to "appear upon a summons alone." See Reporters' Notes to Rule 6, Mass. Ann. Laws Court Rules, Rules of Criminal Procedure, at 1504 (LexisNexis 2018).[5] As the Commonwealth acknowledged at argument before us, however, requesting a defendant's presence in court through a summons is far preferable to arresting the defendant. See id. ("The preference for the issuance of summonses operates to conserve law enforcement resources by releasing the police for other duties, and conserves the resources of the court and parties"). See also Commonwealth v. Mogelinski, 466 Mass. 627, 634 (2013) (noting preference for summonses over warrants to arrest in juvenile context). Practically, both an arrest and a

---

[5] We note that the defendant in this case was indicted on two charges (involving the same conduct) for which no complaint had been filed in the District Court. Accordingly, his appearance in the Superior Court pursuant to a summons was in fact his first appearance in any court with respect to two of the charges against him.

postindictment summons bring a defendant before a Superior Court judge for the first time for arraignment on indicted charges.

Given that G. L. c. 276, § 58A, is intended primarily to protect the public, see Diggs, 475 Mass. at 84, citing 1994 House Doc. No. 4305 and St. 1994, c. 68, the Legislature would not have intended to preclude the Commonwealth from being able to move for a dangerousness hearing should the Commonwealth seek the defendant's presence in court through a summons, as Mass. R. Crim. P. 6, 378 Mass. 842 (1979), encourages, where the defendant is likely to appear without being arrested. See E.B. Cypher, Criminal Practice and Procedure § 3:35 (4th ed. 2014). Accordingly, we clarify that a Superior Court judge has authority to conduct a dangerousness hearing pursuant to G. L. c. 276, § 58A, regardless of whether a defendant appears before the judge for the first time pursuant to a postindictment summons or an arrest warrant; in either instance, the defendant's first appearance in the Superior Court constitutes a "first appearance" within the meaning of Diggs, supra at 85.

The matter is remanded to the county court for entry of an order denying the defendant's petition for interlocutory relief pursuant to G. L. c. 211, § 3.

So ordered.