SUPERIOR COURT 
 
 COMMONWEALTH vs. CARLOS RAMON ZAPATA

 
 Docket:
 1877CR00618
 
 
 Dates:
 August 21, 2019
 
 
 Present:
 Jeffrey T. Karp Associate Justice, Superior Court
 
 
 County:
 ESSEX, ss.
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION FOR RELEASE ON BAIL (Paper No. 20)
 
 

             Defendant Carlos Ramon Zapata ("Zapata") is charged with armed burglary, aggravated rape, and other crimes arising from an incident on September 1, 1999. The trial of this matter is scheduled to commence on October 28, 2019.
            Zapata was arraigned in this matter on October 16, 2018. On that date, the Commonwealth moved for pretrial detention pursuant to G.L. c. 276, § 58A ("section 58A"). (See Paper No. 5). A hearing on that motion was conducted on November 5, 2018, before the Court, Drechsler, J., presiding. The Court allowed the motion for pretrial detention on November 7, 2018. (See endorsement on Paper No. 5 and Findings And Order On Motion For Detention Under G.L. c. 276, § 58A). Consequently, Zapata is held without bail pursuant to section 58A.
            On August 6, 2019, the Court conducted a hearing on Defendant's Motion For Release On Bail (Paper No. 20). In support of his motion, Zapata argues that he is entitled to be admitted to bail at a bail hearing because he has been detained without bail for a period of time exceeding the maximum period of detention of 180 days authorized by section 58A(3). As is explained below, section 58(3) excludes from the maximum period of detention certain events that are excludable under Mass.R.Crim.P.
                                                            Page 1 of 11
36(b)(2). This Court's review of the docket and the Commonwealth's submission[1] reveals that the entirety of the delay is excluded from the 180 day maximum period of detention because Zapata acquiesced to, or was responsible for, the delay. Therefore, after thorough consideration of the submissions, the procedural history, and arguments of counsel, the motion is DENIED.
STATUTORY OVERVIEW
            Section 58A establishes a presumptive deadline by which a defendant that has been detained without bail on a finding of dangerousness must be brought to trial. The statute provides in relevant part as follows:
A person detained under this subsection shall be brought to a trial as soon as reasonably possible, but in absence of good cause, the person so held shall not be detained . . . for a period exceeding 180 days by the superior court excluding any period of delay as defined in Massachusetts Rules of Criminal Procedure Rule 36(b)(2).
G.L. c. 276, § 58A(3) (emphasis added).[2]
            In the context of a speedy trial challenge under Rule 36, when a "defendant establishe[s] a prima facie violation of the rule, . . . [t]he burden shifts to the Commonwealth to justify the delay." Commonwealth v. Roman, 470 Mass. 85, 92 — 93 (2014) (citations omitted); see also Commonwealth v. Denehy, 466 Mass. 723, 729 (2014) (same). Because § 58A implicates fundamental liberty interests, the burden is on
---------------------------
[1] The Commonwealth filed a memorandum in opposition that contains a schedule setting forth the dates of events in this action and its view of whether the time between the dates is excludable or includable under Rule 36. Zapata filed no such schedule and stated at the hearing that he relies on the Court's review of the docket.
 
[2] Section 58A was enacted in 1994 and, although the period of detention has been amended (lengthened) a few times, the maximum period of detention in Section 58(A)(3) has always "exclude[ed] any period of delay as defined in Massachusetts Rules of Criminal Procedure Rule 36(b)(2)."
                                                            Page 2 of 11
the Commonwealth to demonstrate the proper exclusion of time if a defendant makes a prima facie showing that he has been detained for more than 180 days.
            Rule 36(b)(2), in turn, specifies a number of temporal circumstances that "shall be excluded in computing the time within which the trial of any offense must commence." Among these are "delay resulting from hearings on pretrial motions," Mass.R.Crim.P. 36(b)(2)(A)(v); and, "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement." Mass.R.Crim.P. 36(b)(2)(A)(vii). "Also excludable is `[a]ny period of delay resulting from a continuance granted by a judge . . . , if the judge granted the continuance on the basis of his findings that the ends of justice served by taking such action outweighed the best interests of the public and the defendant in a speedy trial.'" Commonwealth v. Dirico, 480 Mass. 491, 498 (2018) (quoting Mass.R.Crim.P. 36(b)(2)(F)).
PROCEDURAL HISTORY 
            Given the application of Rule 36, the Court will set forth the procedural history of this case in some detail.
            Zapata was arraigned on October 16, 2018, and the matter was continued to November 5, 2018, for a hearing on the section 58A motion. The record is silent regarding the identity of the party requesting the continuance.[3] However, by failing to
---------------------------
[3] According section 58A:
The hearing shall be held immediately upon the person's first appearance before the court unless that person, or the attorney for the commonwealth, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed seven days, and a continuance on motion of the attorney for the commonwealth may not exceed three business days.
G.L. c. 276, § 58A(4). Thus, given that the continuance exceeded seven days, the Court is presumed to have found "good cause" for the continuance.
                                                            Page 3 of 11
object to the continuance, Zapata acquiesced to the 20 days that passed between the arraignment and the November 5 hearing.[4] Dirico, 480 Mass. at 499 (quoting Barry v.  Commonwealth, 390 Mass. 285, 298 (1983) ("A defendant is held to have acquiesced in a delay if he or she 'agreed to a continuance ... or has not entered an objection to delay.").
            The section 58A hearing was conducted on November 5, 2018, and the matter was continued to December 18, 2018, for a motion hearing. The record is silent regarding the identity of the party requesting the continuance. The Court took the section 58A motion under advisement and issued the detention order on November 7, 2018. Thus, including the first and last day of the excludable event (see note 4, supra) the 3 days between the hearing and the decision are excluded under Rule 36(b)(2)(A)(vii).
---------------------------
[4] "In making [the] calculations, [the Court] adhere[s] to rule 36 (b) (3), which provides: 'In computing any time limit other than an excluded period, the day of the act or event which causes a designated period of time to begin to run shall not be included. Computation of an excluded period shall include both the first and the last day of the excludable act or event.' However, IV there are excludable periods of delay which overlap, a day is excluded only once." Commonwealth v. Dirico, 480 Mass. 491, 497 n.5 (2018) (quoting Barry v. Commonwealth, 390 Mass. 285, 292 (1983)).
                                                            Page 4 of 11
            The motion hearing scheduled for December 18, 2018, was continued to February 1, 2019, at the joint request of the parties. Zapata never filed any motions.[5] Therefore, Zapata acquiesced to the 86 days that passed between November 7 and February 1, 2019.
            On February 1, 2019, the motion hearing was conducted and the case was continued to March 1, 2019, for further motion hearing. The record is silent regarding the identity of the party requesting the continuance. However, as stated, by failing to object to the continuance, Zapata acquiesced to the 28 days that passed between February 1 and March 1, 2019.
            On March 1, 2019, the motion hearing was conducted and the case was continued at the joint request of the parties to April 26, 2019, for compliance hearing. However, on April 22, 2019, the case was advanced and continued to May 10, 2019, for compliance hearing because the Court would be unavailable on April 26 due to a judicial conference. The record is silent regarding the identity of the party that advanced and continued the case. However, given that the parties jointly requested the April 26 date, the Court will assume that the continuance to May 10 was by joint request, too. Thus, Zapata acquiesced to the passage of 70 days between March 1 and May 10, 2019.
---------------------------
[5]With respect to "delay resulting from hearings on pretrial motions" which is excludable under Rule 36(b)(2)(A)(v), "[d]elay attributable to the securing of a judicial resolution of issues raised by a defendant's pretrial motions are excluded from the running of the time limits." Mass.R.Crim.P. 36, Reporters Notes. "The excludable period under this subdivision is intended to run from the date on which the request for hearing on the pretrial motion is filed; or, if no such request is filed, from the date the hearing is ordered, until the conclusion of the hearing." Mass.R.Crim.P. 36, Reporters Notes. Here, Zapata failed to file any motions. Thus, no time may be excluded under Rule 36(b)(2)(A)(v).
                                                            Page 5 of 11
            The compliance hearing scheduled for May 10, 2019, was not held and continued at the joint request of the parties to June 25, 2019. Thus, Zapata acquiesced to the passage of the 46 days between May 10 and June 25.
            The compliance hearing scheduled for June 25, 2019, was not held and was continued at Zapata's request to July 19, 2019. Thus, Zapata was responsible for the passage of the 24 days between June 25 and July 19.
            On July 19, 2019, the compliance hearing was conducted and the matter was continued at Zapata's request for a bail hearing on August 6, 2019. Although the docket is silent, the Court remembers that the request for a continuance for a bail hearing was made by Zapata. Thus, Zapata was responsible for the passage of the 17 days between July 19 and August 6.
            As stated, on August 6, 2019, the Court conducted a hearing on Zapata's motion for bail and took the matter under advisement. Therefore, the 16 days (see note 4, supra) between the hearing and issuance of this Decision are excluded under Rule 36(b)(2)(A)(vii).
DISCUSSION
            There is no dispute that more than 180 days have passed since Zapata was arraigned and held without bail in accordance with a finding of dangerousness by the Court (Drechsler, J., presiding). To be sure, as outlined above, a total of 308 days have passed between Zapata's arraignment and the date of this Decision. Of that time, a total of 19 days are excluded under Rule 36(b)(2)(A)(vii) from the maximum detention period of 180 days.
                                                            Page 6 of 11
            No other periods of delay are excluded under the express provisions of Rule 36(b)(2), as incorporated into section 58A(3). However, as set forth above, Zapata acquiesced to, or was responsible for, 289 days of the delay. The Commonwealth argues that, notwithstanding Rule 36(b)(2)'s silence in addressing delay for which a defendant acquiesced, etc., such delay should be excluded from the 180 day maximum period of detention set by section 58A(3). On the other hand, Zapata essentially argues that it is unfair to exclude delay for which he acquiesced; the 180 day detention period under section 58A(3) has run; and, he is entitled to a bail hearing.
            As stated, as of the date of this Decision, 308 days have passed since Zapata was first detained under section 58A and only 19 days are excluded from the 180 day period of detention proscribed by section 58A(3) under express provisions of Rule 36(b)(2). Therefore, the resolution of whether 109 days are excludable under section 58(3) "'is outcome-determinative." Dirico, 480 Mass. at 498 n.6 (citation omitted). More narrowly as it applies in this case, the Court must resolve the issue of whether periods of delay that Zapata acquiesced in, benefitted from, or requested are excluded from the 180 day detention period prescribed by section 58A(3).
            The plain language of Rule 36(b)(2) does not include an exclusion for periods of delay which the defendant acquiesced in, was responsible for, or benefited from.[6] In fact, Rule 36 is silent regarding periods of delay for which the defendant acquiesced. However, as stated, section 58A(3) by its express terms limits exclusions from the maximum period of pretrial detention of 180 days to "any period of delay as defined in
---------------------------
[6] For simplicity sake, the Court herein will refer to periods of delay during which the defendant acquiesced in, was responsible for, or benefited from as periods of acquiescence.
                                                            Page 7 of 11
Massachusetts Rules of Criminal Procedure Rule 36(b)(2)." G.L. c. 276, § 58A(3) (emphasis added). Consequently, the Legislature chose a specific provision of Rule 36, rather than Rule 36 as a whole, for determining periods of exclusion from the maximum statutory period of detention under section 58A(3). Therefore, the issue confronted by the Court is whether periods of delay for which the defendant acquiesced, etc., are excluded under (i.e., "defined in") Rule 36(b)(2) (rather than Rule 36, in general).
            It is clear that periods of delay during which the defendant acquiesced in, was responsible for, or benefited from are excluded under Rule 36 (in general), when deciding a motion to dismiss pursuant to that rule. For example in Dirico, the SJC observed that:
There are two separate ways in which the Commonwealth can meet its burden of justifying a delay, thereby excluding it from the speedy trial calculation under rule 36. The first way is to show that the delay falls within one of the "excluded periods" specifically enumerated under rule 36 (b) (2).
            . . .
The second way that the Commonwealth can justify a delay is provided not by any provision in rule 36, but by the common law. Under the common law, a defendant is not entitled to dismissal if he or she acquiesced in, was responsible for, or benefited from the delay. . . . Thus, in several cases, we have excluded time under rule 36 based on the defendant's failure to object to a delay.
Dirico, 480 Mass. at 498 — 499 (citations omitted) (emphasis added).
            Further, in addressing a motion to dismiss brought under Rule 36 in Roman, the SJC likewise observed that:
[Where a] defendant establishe[s] a prima facie violation of the rule, . . . [t]he burden shifts to the Commonwealth to justify the delay, which it may do by showing that a certain portion of the delay falls within one of the excluded periods provided by rule 36 (b) (2), or by a showing that the defendant acquiesced in the delay, or that he benefited from the delay.
Roman, 470 Mass. at 92 - 93 (citations omitted) (emphasis added).
                                                            Page 8 of 11
            The genesis for excluding periods of delay under Rule 36 due to the defendant's acquiescence appears to be the case of Commonwealth v. Look, 379 Mass. 893 (1980). In that case, the SJC observed that "[t]he new [R]ule [36], of course, encompasses all existing case law under former G. L. c. 277, § 72A, to the extent that a defendant is not automatically entitled to dismissal if he acquiesces, Commonwealth v. Jones, 6 Mass. App. Ct. 750, 751-753 (1978); is responsible for the delay, Commonwealth v. Loftis, 361 Mass. 545, 549-550 (1972); or benefits from the delay, Commonwealth v. Alexander, 371 Mass. 726, 729 (1977)." Id. at 898 n. 2. To be sure, in Barry v. Commonwealth, 390 Mass. 285 (1983), citing Look, the SJC observed "that the prior case law is encompassed in the rule only to the extent that the defendant is not entitled to dismissal if he acquiesces in, is responsible for, or benefits from, the delay. [R]ule [36] clearly intended to change other aspects of the prior case law." Barry, 390 Mass. at 298.
            Although, as stated, Rule 36 is silent regarding periods of delay for which the defendant acquiesced, the Barry case and others have observed "[t]he [Reporters] Notes to subdivision (b) (2) state that periods of delay in which a defendant, acquiesces, for which he is responsible, or from which he benefits should be treated as excluded periods and 'are not to be included in the calculation of the time limits of this rule.'" Barry, 390 Mass. at 295 (quoting Reporters' Notes to Rule 36(b)(2)); see also Commonwealth v. Lauria, 411 Mass. 63, 68 (1991) (same and noting that "when a defendant has not entered an objection to delay, he may be deemed to have acquiesced in the passage of time.") (citation omitted); Commonwealth v. Farris, 390 Mass. 300, 305 (1983) (same).
                                                            Page 9 of 11
            At bottom, the issue presented is a matter of statutory construction. Section 58A became effective in July 1994. This was fourteen years after the SJC in Look held, and the Reporters Notes observed, that delay attributable to a defendant's acquiescence is excluded from the speedy trial determination of Rule 36. The Legislature is deemed to know and understand common law when drafting legislation. See Emc Corp. v. Comm'r of Revenue, 433 Mass. 568, 571 (2012) ("'Statutes are to be construed in the light of the preexisting common and statutory law with reference to the mischief probably intended to be remedied. . . . It is not to be lightly supposed that radical changes in the law were intended where not plainly expressed.") (citations omitted).
            In interpreting section 58A, this Court must be mindful that it is guided by, inter alia, an intention to effectuate the Legislature's purpose in drafting the law. As the SJC recently observed, "[t]he primary purpose of G. L. c. 276, § 58A, is to 'protect[ ] the public from the potential harm posed by persons who have been arrested or are subject to arrest, who have been found to be dangerous.' . . . Accordingly, the statute 'permits pretrial detention of persons accused of certain crimes on the grounds of dangerousness, in order to protect public safety." Finn v. Commonwealth, 482 Mass. 817, 820 (2019) (citations omitted). Given the public safety purpose of section 58A, the Legislature would not have intended to allow a defendant that has been determined to be dangerous after a hearing to "passively consent to continuances or delays and then complain that the clock has ticked for purposes of counting the [180 days] allowed to [detain the defendant while awaiting] trial."' Commonwealth v. Amidon, 428 Mass. 1005, 1008 (1998) (citations omitted).[7] As such, Zapata's motion for bail is DENIED.
---------------------------
[7]Given that the Legislature chose in section 58A(3) to limit periods of delay to those "as defined in" Rule 36(b)(2), the question of whether the Legislature intended to exclude delays for which the defendant acquiesced is a close call because, strictly speaking, it may be argued that said delays are not "defined in" Rule 36(b)(2). In fact, in the case of Commonwealth v.  Sclafani, No. 1877CR00153, the undersigned judge ruled that periods of delay for which the defendant acquiesced are not excluded from the maximum period of detention under section 58A(3). However, after further consideration, the Court rules that it erred in said ruling for the reasons stated herein.
                                                            Page 10 of 11
            Finally, as stated, the trial of this matter is scheduled to commence on October 28, 2019. At the August 6, 2019, hearing, Zapata requested that trial commence as soon as possible. However, due to court congestion and the unavailability of an open criminal trial session until at least October 23, 2019, the earliest the Court could schedule the trial was October 28, 2019. As such, the Court now finds "that the ends of justice [are] served by [delaying the start of the trial and] outweigh[] the best interests of the public and the defendant in a speedy trial." Mass.R.Crim.P. 36(b)(2)(F). Consequently, the time period between the date of this Decision and the trial date of October 28, 2019, is excluded from the maximum period of detention of 180 days under section 58A(3).
ORDER
For the above reasons:
            1. Defendant's Motion For Release On Bail (Paper No. 20) is DENIED.
            2. The time period between the date of this Decision and the trial date of October 28, 2019, is excluded from the maximum period of detention of 180 days under section 58A(3) pursuant to Mass.R.Crim.P. 36(b)(2)(F).
@/s/Jeffrey T. Karp Associate Justice, Superior Court
@August 21, 2019
                                                            Page 11 of 11
xxz