## Commonwealth *vs.* Shaun Madden.

Suffolk. October 7, 2010. - December 28, 2010.

Present: Marshall, C.J., Ireland, Spina, Cowin, Cordy, Botsford, & Gants, JJ.[1]

*Bail. Jurisdiction,* Superior Court. *Practice, Criminal,* Appeal to Superior Court.

A Superior Court judge had the authority to review and modify the pretrial conditions of release imposed on a criminal defendant by a District Court judge pursuant to G. L. c. 276, § 58A, where, although the defendant was released from custody subject to conditions, he still was "aggrieved" within the meaning of § 58A (7), in that he was denied admittance to bail on his personal recognizance with or without surety. [609-614]

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on February 12, 2010.

The case was reported by *Cordy,* J.

*Anne C. Pogue,* Assistant District Attorney *(Ryan P. Sullivan,* Assistant District Attorney, with her) for the Commonwealth.

*Charles A. Bookman (Kiera M. Slye* with him) for the defendant.

*Beth L. Eisenberg,* Committee for Public Counsel Services, & *John Reinstein,* for Committee for Public Counsel Services & another, amici curiae, submitted a brief.

Spina, J. In the present case, here on a reservation and report by a single justice of this court, we consider whether a Superior Court judge has the authority to review and modify pretrial conditions of release imposed on a defendant by a District Court judge pursuant to G. L. c. 276, § 58A. For the reasons that follow, we conclude that a Superior Court judge does have such authority.

1. *Background.* On November 20, 2009, approximately three weeks after Shaun Madden (defendant) filed a complaint for

---

[1]Chief Justice Marshall participated in the deliberation on this case prior to her retirement.

divorce from his wife, Kerri Madden (Madden), he was arrested by a Burlington police officer for slapping Madden and grabbing her by the neck. Madden applied for and obtained a temporary abuse prevention order under G. L. c. 209A. Three days later, a complaint issued from the Woburn Division of the District Court Department, charging the defendant with one count of assault and battery in violation of G. L. c. 265, § 13A (*a*).

At the defendant's arraignment, the Commonwealth filed a motion for his pretrial detention under G. L. c. 276, § 58A, on the basis of dangerousness.[2] Later that same day, the defendant stipulated to his dangerousness. After a further hearing, a judge allowed the Commonwealth to withdraw its motion for the defendant's pretrial detention, and the Commonwealth filed a motion to have the defendant released with conditions pursuant to § 58A (2). In support of its motion, the Commonwealth stated that "the release of the Defendant on personal recognizance [would] not reasonably assure his . . . appearance and/or [would] endanger the safety [of] any other person or the community." The conditions requested by the Commonwealth, and agreed to by the defendant, were that the defendant refrain from committing any crimes during the period of his release; submit to being monitored with a global positioning system (GPS) device (with exclusion zones); stay away from, and have no contact with, Madden; report regularly to the Woburn probation office; abide by a 7 P.M. to 7 A.M. curfew; refrain from possessing any firearms or other dangerous weapons; provide bail in the amount of $200 cash or $2,000 surety; abide by all active protective orders; and comply with any orders of the Probate and Family Court. The judge allowed the Commonwealth's motion, releasing the

---

[2]General Laws c. 276, § 58A (1), allows the Commonwealth to seek, based on dangerousness, the pretrial detention of individuals accused of certain serious offenses, including those that have as an element of the offense the use of physical force against another. If, after a hearing pursuant to G. L. c. 276, § 58A (4), a District Court judge "finds by clear and convincing evidence that no conditions of release will reasonably assure the safety of any other person or the community, said [judge] shall order the detention of the person prior to trial. A person detained under this subsection shall be brought to a trial as soon as reasonably possible, but in absence of good cause, the person so held shall not be detained for a period exceeding ninety days excluding any period of delay as defined" in Mass. R. Crim. P. 36 (b) (2), 378 Mass. 909 (1979). G. L. c. 276, § 58A (3).

defendant subject to these conditions, and the case was continued until January 14, 2010, for a pretrial hearing.[3]

On December 22, 2009, the defendant filed a bail review petition in the Superior Court, seeking to be excused from his curfew during the weeks when he was "on call" for his job. The Commonwealth did not object to this change. The judge allowed the petition and amended the defendant's conditions of release, modifying the defendant's curfew to the hours of 9 P.M. to 7 A.M. and excusing him from the curfew altogether when he was "on call" for work.

On January 14, 2010, at the pretrial hearing in the District Court, the defendant orally moved to amend again the conditions of his release due to a change in circumstances. By temporary order of the Probate and Family Court dated January 13, 2010, the defendant had been awarded sole physical custody of the parties' two minor children, commencing on January 15, 2010. A judge denied the defendant's motion.

The defendant then filed another bail review petition on February 4, 2010, in the Superior Court, seeking to amend his conditions of release by eliminating his curfew and removing the GPS device. The Commonwealth filed a written opposition to the defendant's motion, asserting that the Superior Court did not have authority to hear the motion and that the defendant's only avenue for relief was a petition to a single justice of the Supreme Judicial Court. Following a hearing, a judge allowed the defendant's motion and ordered the removal of his curfew and the GPS device. This order was stayed until February 11 to give the Commonwealth time to decide whether to file an appeal.

On February 12, the Commonwealth filed a petition for relief pursuant to G. L. c. 211, § 3, in the county court, as well as a motion to continue the stay entered in the Superior Court. On February 23, the single justice reserved and reported the case to the full court without decision.[4]

2. *Discussion.* General Laws c. 276, § 58A, allows the Com-

---

[3]The expiration date of the abuse prevention order obtained by Madden was extended to December 3, 2010.

[4]We acknowledge the amicus brief submitted by the Committee for Public Counsel Services and the American Civil Liberties Union of Massachusetts in support of the defendant.

monwealth to seek, based on dangerousness, an order of pretrial detention or release on conditions for individuals accused of certain serious offenses involving physical force against another person. See G. L. c. 276, § 58A (1). See also *Mendonza* v. *Commonwealth*, 423 Mass. 771, 773-774 (1996) (discussing provisions of G. L. c. 276, § 58A). When an individual charged with such an offense appears before a District Court judge, the judge shall hold a hearing on the Commonwealth's motion "to determine whether conditions of release will reasonably assure the safety of any other person or the community," G. L. c. 276, § 58A (4), and then issue an order that, pending trial, the individual shall be "released on personal recognizance without surety," released subject to specified conditions, or detained.[5] G. L. c. 276, § 58A (2). These three options represent increasingly graduated levels of restraint, and, given that the individual is presumed innocent, see G. L. c. 276, § 58A (6), allow a judge to tailor an order to impose the least restrictive measures necessary to ensure the defendant's appearance at future proceedings and to safeguard members of the community. See G. L. c. 276, § 58A (2); *Mendonza* v. *Commonwealth*, *supra* at 774.

As pertinent to the present case, G. L. c. 276, § 58A (7), states that "[a] person aggrieved by the denial of a district court [judge] to admit him to bail on his personal recognizance with or without surety may petition the superior court for a review of the order of the recognizance and the [judge] of the district court shall thereupon immediately notify such person of his right to file a petition for review in the superior court." The Superior Court then shall hear the petition for review, in accordance with the standards set forth in § 58A, "as speedily as practicable and in any event within five business days of the filing of the petition." *Id.* Following the hearing, a Superior Court judge may "order that the petitioner be released on bail on his personal recognizance without surety, or, in his discretion, to reasonably assure the effective administration of justice, may make any other order of bail or recognizance or remand the petitioner in accordance with the terms of the process by which

---

[5]General Laws c. 276, § 58A (2), further provides that the judicial officer "may not impose a financial condition that results in the pretrial detention of the person," and "may at any time amend the order to impose additional or different conditions of release."

he was ordered committed by the district court." *Id.* It is well established that, where possible, "we construe the various provisions of a statute in harmony with one another." *Locator Servs. Group, Ltd.* v. *Treasurer & Receiver Gen.*, 443 Mass. 837, 859 (2005). See *Kargman* v. *Commissioner of Revenue*, 389 Mass. 784, 788 (1983) ("statutes should be interpreted as a whole to constitute a consistent and harmonious provision"). Accordingly, the various pretrial dispositions under G. L. c. 276, § 58A (2), and the manner of review provided by § 58A (7), must be construed as working together.

The thrust of the Commonwealth's argument is that the defendant was not a "person aggrieved" under G. L. c. 276, § 58A (7), because he was released from custody. As such, the Commonwealth continues, the Superior Court lacked jurisdiction to review the conditions of his release that had been imposed by a District Court judge. We disagree.

As a preliminary matter, the phrases "admit . . . to bail" and "personal recognizance," used in G. L. c. 276, § 58A (7), are not defined in § 58A. "When a statute does not define its words we give them their usual and accepted meanings, as long as these meanings are consistent with the statutory purpose. . . . We derive the words' usual and accepted meanings from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions." *Commonwealth* v. *Morasse*, 446 Mass. 113, 116 (2006), quoting *Commonwealth* v. *Bell*, 442 Mass. 118, 124 (2004). The phrase "admi[t] to bail" has been defined as "[a]n order to release an accused person from custody after payment of bail or receipt of an adequate surety for the person's appearance for trial." Black's Law Dictionary 54 (9th ed. 2009). Similarly, "personal recognizance" means "[t]he release of a defendant in a criminal case in which the court takes the defendant's word that he or she will appear for a scheduled matter or when told to appear."[6] *Id.* at 1386.

---

[6] Release on personal recognizance "dispenses with the necessity of the person's posting money or having a surety sign a bond with the court." Black's Law Dictionary 1386 (9th ed. 2009). The phraseology used in G. L. c. 276, § 58A (7), pertaining to a defendant's admission to bail "on his personal recognizance *with* or without *surety*" is illogical, because personal recognizance is wholly premised on the individual's *promise* to appear for

We construe the plain language of G. L. c. 276, § 58A (7), to mean that an individual who is *not* released from custody on personal recognizance with or without surety pending trial is entitled to have that determination reviewed in the Superior Court. General Laws c. 276, § 58A (2), spells out the three ways that a judge can handle the pretrial placement of a purportedly "dangerous" individual — release on personal recognizance without surety, release subject to conditions, or detention. An individual who is released on personal recognizance would have no reason to challenge this decision because he has been freed from custody with no restraints on his liberty. The language of § 58A (7) is clear that an individual in such circumstances is not aggrieved. However, where an individual has been released subject to conditions or has been detained, it follows that the judge has denied "admit[tance] . . . to bail on his personal recognizance with or without surety," G. L. c. 276, § 58A (7), and, therefore, the individual has a "right to file a petition for review in the superior court."[7] *Id.*

In the Commonwealth's view, the only persons who are "aggrieved" under § 58A (7) are those who fall into the third category of pretrial placement — detention. However, nowhere in G. L. c. 276, § 58A, has the Legislature suggested that custody

future court proceedings, for which no surety is necessary. Further, the use of the words "with surety" in the context of "personal recognizance" only appears in the first paragraph of § 58A (7). Cf. G. L. c. 276, § 58, eighth par. (stating that for offenses enumerated in § 58A, judge shall admit person "to bail on his personal recognizance without surety or subject to conditions of release" unless judge determines that release will endanger safety of others), with G. L. c. 276, § 58A (2) (stating that, pending trial, individual shall be "released on personal recognizance without surety," released subject to conditions, or detained). Although this case did not arise pursuant to the general bail statute, G. L. c. 276, § 58, we note that under § 58, bail with surety may be imposed in an amount that a defendant is unable to procure, resulting in the defendant's being held pending trial. In contrast, under G. L. c. 276, § 58A, bail may not be imposed in an amount that results in the pretrial detention of the defendant. See note 5, *supra*. Given that under § 58A, the only bail "with surety" that can be imposed is one that allows for the defendant's release, and given that release may be subject to conditions under § 58A, it was reasonable for the Legislature to permit an appeal where the defendant is released with conditions.

[7]The critical part of the phrase "admit . . . to bail on his personal recognizance with or without surety," G. L. c. 276, § 58A (7), is "admit . . . to bail on his personal recognizance," not "with or without surety."

alone, rather than a less severe form of restraint, constitutes the determinative criterion for Superior Court review. To the contrary, pursuant to § 58A (7), unless an individual is admitted "to bail *on his personal recognizance* with or without surety," the individual is "aggrieved" (emphasis added). By necessary implication, when a person is released subject to conditions, he is not released on personal recognizance, and, therefore, he would fall within the meaning of an "aggrieved" person.

The Commonwealth seems to equate being released on personal recognizance with being released subject to conditions in the sense that, in both cases, the individual is no longer being detained and, therefore, should not be considered "aggrieved." From a defendant's perspective, release is certainly preferable to detention. However, release on personal recognizance is significantly different from release subject to conditions, given that conditions for pretrial release typically infringe on an individual's liberty interests. See *Commonwealth* v. *Weston W.*, 455 Mass. 24, 34 (2009) (curfew constitutes sweeping restriction on right to free movement); *Commonwealth* v. *Cory*, 454 Mass. 559, 569-570 (2009) (GPS monitoring places significant restraint on liberty). See also *Gerstein* v. *Pugh*, 420 U.S. 103, 114 (1975) ("pretrial release may be accompanied by burdensome conditions that effect a significant restraint of liberty"); *Rendel* v. *Mummert*, 106 Ariz. 233, 238-239 (1970) ("Pretrial release with restrictions placed upon a defendant's actions has long represented a compromise between the liberties that a person normally enjoys and the right of the [S]tate to insure compliance with its processes"). Conditions are designed not only to assure the appearance of an individual at future court proceedings, but also to restrict the conduct of that individual such that he will not "endanger the safety of any other person or the community." G. L. c. 276, § 58A (2). General Laws c. 276, § 58A (7), is designed to permit Superior Court review in those cases where there is an infringement on an individual's liberty interests, which would not encompass admission to bail on personal recognizance.

We agree with the Commonwealth that, in drafting the language of G. L. c. 276, § 58A (7), the Legislature chose to limit the class of individuals who are "aggrieved" and entitled to Superior Court review. The Commonwealth simply construes

too narrowly the language of § 58A (7) with regard to who constitutes the class of aggrieved individuals. The language of § 58A (7) is clear that an individual is "aggrieved" when he is denied admittance "to bail on his personal recognizance with or without surety." It follows, therefore, that an individual who is either released on conditions or detained is "aggrieved" because he has been denied release on personal recognizance.

Here, the District Court judge denied the defendant admittance to bail on his personal recognizance with or without surety. As such, he was a "person aggrieved" by the judge's action within the meaning of G. L. c. 276, § 58A (7), and, therefore, he was entitled to file a petition for review in the Superior Court. Following a hearing on that petition, the Superior Court judge had the authority, pursuant to the last paragraph of § 58A (7), to modify the defendant's conditions of pretrial release.

3. *Conclusion.* This case is remanded to the county court for entry of a judgment denying the Commonwealth's petition for relief under G. L. c. 211, § 3.

*So ordered.*