NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12213

COMMONWEALTH  vs.  TIMOTHY O. DAYTON.


Berkshire.     January 9, 2017. - June 1, 2017.

Present:  Gants, C.J., Lenk, Hines, Gaziano, Lowy, & Budd, JJ.


Motor Vehicle, Operating under the influence.  Constitutional
    Law, Preventive detention.  Statute, Construction.



Indictments found and returned in the Superior Court
Department on October 5, 2015.

A motion for pretrial detention was heard by John A.
Agostini, J., and a question of law was reported by him.

The Supreme Judicial Court on its own initiative
transferred the case from the Appeals Court.


Ryan D. Smith, Committee for Public Counsel Services, for
the defendant.
Joseph G.A. Coliflores, Assistant District Attorney, for
the Commonwealth.


HINES, J.  A Superior Court judge reported the question

whether G. L. c. 276, § 58A, permits the Commonwealth to seek

pretrial detention without bail when a defendant has two prior

convictions of operating a motor vehicle while under the

influence of alcohol (OUI), G. L. c. 90, § 24, and is charged with OUI, third offense. Because § 58A requires three OUI convictions before a defendant can be so detained, we answer the question in the negative.

Background. In October, 2015, the defendant, Timothy O. Dayton, was charged in the Superior Court with eight motor vehicle violations, including two indictments for OUI, third offense, in relation to two separate incidents pending in the District Court. Each OUI indictment alleged that Dayton had been convicted of OUI twice before -- in 1988 and in 1989.

The Commonwealth moved for a dangerousness hearing pursuant to § 58A. The defendant opposed the motion, arguing that § 58A permits a dangerousness hearing only after three prior OUI convictions, not two.

A Superior Court judge initially agreed with the defendant, and denied the Commonwealth's motion and its motion for reconsideration. However, the Commonwealth sought review by a single justice of this court, pursuant to G. L. c. 211, § 3. The single justice ordered the judge to hold the dangerousness hearing, at the same time acknowledging that the language of § 58A was "unclear" and noting that the judge was "not precluded from reporting the question to the [Appeals Court]."

After hearing, the judge determined that the defendant was dangerous within the meaning of § 58A and ordered him held

without bail pending trial.  On the defendant's motion, the

judge reported the following question to the Appeals Court:

> "Whether a defendant with two prior convictions for [OUI], pursuant to G. L. c. 90, [§ 24 (1) (a) (1)], who is arrested and charged with [OUI], [t]hird [o]ffense, may be held without the right to bail pursuant to G. L. c. 276, [§ 58A (1)]."

Before the question was resolved, the defendant pleaded guilty

to the eight pending charges.[1]  We subsequently transferred the

reported question to this court on our motion.

Discussion.  Primarily, the Commonwealth argues that the

OUI clause of § 58A, and our cases discussing it, permit

pretrial detention when a defendant has only two prior OUI

convictions.  The OUI clause of § 58A provides, in relevant

part, that the Commonwealth may seek detention based on

dangerousness when a defendant is "arrested and charged with

. . . a third or subsequent conviction for a violation of [G. L.

c. 90, § 24]."  G. L. c. 276, § 58A (1).

We begin with the language of the statute itself, and

"presume, as we must, that the Legislature intended what the

words of the statute say."  Commonwealth v. Williamson, 462

Mass. 676, 679 (2012), quoting Commonwealth v. Young, 453 Mass.

---

[1] Of course, the defendant's plea rendered the reported question moot because it ended his period of pretrial detention. Regardless, we will answer the question because it is important to the administration of G. L. c. 276, § 58A, and is likely to recur, yet evade appellate review.  See Commonwealth v. Murchison, 428 Mass. 303, 305 (1998).

707, 713 (2009). "[C]lear and unambiguous" statutory language must be given its ordinary meaning (citation omitted). Williamson, supra. However, when the language of a criminal statute plausibly can be found ambiguous, the rule of lenity requires that the defendant receive the benefit of the ambiguity.[2] Commonwealth v. Constantino, 443 Mass. 521, 525 (2005).

The OUI clause of § 58A is ambiguous. Even setting aside the significant syntactical defects that arise when the OUI clause is read in the entire context of § 58A (1), we do not know what it means to be "arrested and charged with" a "conviction." G. L. c. 276, § 58A (1). This formulation is at war with itself. Although it hardly needs explication, being "arrested" and "charged" with a crime is wholly distinct from a "conviction" for that crime. See Black's Law Dictionary 130 (10th ed. 2014) ("arrest" is "the apprehension of someone for the purpose of securing the administration of the law, esp. of bringing that person before a court"); id. at 282 ("charge" is "[a] formal accusation of an offense as a preliminary step to

---

[2] We recognize that § 58A is not a "criminal" statute in the sense of enumerating the elements of a particular crime. However, it applies only when someone has been charged with a crime, and it opens the door to a potentially severe curtailment of a defendant's liberty pending trial. See generally G. L. c. 276, § 58A. See also Commonwealth v. Madden, 458 Mass. 607, 610 (2010) (§ 58A contemplates "increasingly graduated levels of restraint"). Therefore, the rule of lenity applies.

prosecution"); id. at 408 ("conviction" contemplates "the state of having been proved guilty").  Given this ambiguity, we interpret § 58A as requiring three, not two, prior OUI convictions.[3]

In essence, the Commonwealth asks the court to avoid this ambiguity by performing surgery on the OUI clause -- removing the words "conviction for a" and leaving behind "arrested and charged with . . . a third or subsequent . . . [OUI] violation." This we cannot do.  See, e.g., Commonwealth v. Daley, 463 Mass. 620, 623 (2012) (when interpreting statute, no words are to be regarded as superfluous).  The defendant, on the other hand, proposes that the plain language of the OUI clause contemplates a situation where an indictment for OUI, fourth offense, "charges" a defendant with his three prior OUI convictions. Although that suggestion seems plausible based on the indictments in this case, the language of § 58A leaves us unsure whether this is really what the Legislature had in mind.  In any event, it comports with our conclusion under lenity principles.

The Commonwealth also argues that its interpretation finds support from a comparative reading alongside the other predicate offenses in § 58A, as well as alongside the "escalating penalty

---

[3] Of course, the Legislature is free to change § 58A if it disagrees with our interpretation, and, indeed, revisions for the sake of clarity would be welcome.  Cf. Commonwealth v. LeBlanc, 475 Mass. 820, 825 (2016) (Gants, C.J., concurring).

structure" for OUI, third offense, in G. L. c. 90, § 24. However, these provisions deepen, rather than resolve, the ambiguity. For instance, the increasing penalties for OUI offenses can just as easily be read as support for the defendant's position -- that only when a defendant reoffends after facing the more severe penalties attached to a third OUI conviction is the defendant dangerous enough to potentially merit pretrial detention. This argument also mistakenly assumes that § 58A is punitive in nature, when instead it presumes a defendant's innocence and focuses on protecting the public and ensuring the defendant's appearance at trial. See Commonwealth v. Madden, 458 Mass. 607, 610 (2010).

Notwithstanding this ambiguity, the Commonwealth points out that this court has, on two prior occasions, appeared to endorse the Commonwealth's reading of § 58A. See Commonwealth v. Young, 453 Mass. 707, 715-716 (2009) (pretrial detention possible when individual is arrested and charged with violation "that could result in a third or subsequent [OUI] conviction"); Commonwealth v. Dodge, 428 Mass. 860, 864 n.7 (1999) (§ 58A "specifically includes charges that could result in a third or subsequent [OUI] conviction"). The Commonwealth concedes that this language in Young and Dodge was "initially dicta." However, it argues that the Legislature, by readopting § 58A in the wake of

those cases -- and without changing the OUI clause -- has adopted our dicta.

This argument fails.  The Commonwealth is correct that we "presume that when the Legislature amends a statute it is 'aware of the prior state of the law as explicated by the decisions of this court,' . . . and where it has reenacted statutory language without material change, [the Legislature is] 'presumed to have adopted the judicial construction put upon it'" (citations omitted).  Commonwealth v. Colturi, 448 Mass. 809, 812 (2007).  However, where the Commonwealth agrees that this court has discussed the relevant language of the statute only in nonbinding dicta, it can hardly be said that we have "explicated" the statute or put our "judicial construction" on it -- quite the opposite, at least until today.  It is one thing to infer the Legislature's intent based on an implied awareness of our express holdings; it is quite another to infer it based on dictum in our opinions.

Alternatively, the Commonwealth points us toward the residual clause of § 58A.  This clause provides, in relevant part, that the Commonwealth "may move, based on dangerousness, for an order of pretrial detention or release on conditions for . . . any other felony that, by its nature, involves a substantial risk that physical force against the person of another may result" (emphasis added).  G. L. c. 276, § 58A (1).

The Commonwealth argues that even if OUI, third offense, does not trigger § 58A under the OUI clause, it does so as an "other felony" under the residual clause.

We are not persuaded by this argument.  We have already concluded that the OUI clause of § 58A is ambiguous such that the rule of lenity necessitates an interpretation requiring three, and not two, prior OUI convictions.  To then interpret the residual clause as permitting the application of § 58A based on just two prior OUI convictions would defeat the application of the rule of lenity in this case, and we decline to do so. Relatedly, the Commonwealth's reading of the residual clause conflicts with the principle of statutory construction that where the Legislature used specific language in one part of an enactment (here, the OUI clause), but not in another (here, the residual clause), the language should not be implied where it is not present.  See Dodge, 428 Mass. at 865.  In other words, it would make little sense for the Legislature to adopt a statute that in one clause specifically requires three prior OUI convictions as a prerequisite, but then, via a residual clause, requires only two prior OUI convictions as a prerequisite. Because "we shall not construe a statute . . . to produce absurd results" (citation omitted), Commonwealth v. Raposo, 453 Mass. 739, 745 (2009), we decline to adopt the Commonwealth's alternative argument.

Conclusion.  For the reasons discussed, the reported question is answered in the negative.

So ordered.

LOWY, J. (dissenting). I disagree with the court's reading of G. L. c. 276, § 58A (1). As indicated by our prior interpretations of this provision, I do not believe that the statutory language presents the degree of ambiguity suggested by the court.

The relevant portion of the statute provides, "The commonwealth may move, based on dangerousness, for an order of pretrial detention or release on conditions for . . . arrested and charged with . . . a third or subsequent conviction for a violation of [G. L. c. 90, § 24]." Although it is true that a person cannot be "arrested and charged with" a conviction, I disagree with the court that the language is so ambiguous that the provision "is at war with itself." Ante at    . Rather, I believe it is apparent that the Legislature intended to enable the Commonwealth to seek pretrial detention for individuals who were "arrested and charged with" what could be their third OUI conviction.

Indeed, this is precisely how this court has interpreted the provision in the past, albeit in dicta. In Commonwealth v. Young, 453 Mass. 707, 715 (2009), we wrote that pretrial detention is available when the individual has committed an offense that "evinces a disregard for the safety and well-being of others." As an example, we stated that "the Commonwealth may

seek pretrial detention if an individual has been arrested and charged with a violation of G. L. c. 90, § 24, that <u>could result in</u> a third or subsequent conviction of operating while under the influence" (emphasis added). <u>Id</u>. at 715-716. See <u>Commonwealth v. Dodge</u>, 428 Mass. 860, 864 n.7 (1999) (grounds for pretrial detention "specifically include[] charges that <u>could result in</u> a third or subsequent conviction for operating [a motor vehicle] while under the influence of liquor" [emphasis added]). I believe that we made these observations in dicta because they reflect a commonsense understanding of the statute.

Because I interpret § 58A (1) to allow for the Commonwealth to seek pretrial detention for individuals arrested and charged with what could be the third or subsequent OUI conviction, I respectfully dissent.