NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12696

COMMONWEALTH  vs.  CARLOS L. VIEIRA.


Suffolk.     May 6, 2019. - October 22, 2019.

Present:  Gants, C.J., Lenk, Gaziano, Lowy, Budd, Cypher, &
Kafker, JJ.


Pretrial Detention.  Indecent Assault and Battery.  Statute,
    Construction.



Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on February 28, 2019.

The case was reported by Cypher, J.


Catherine Langevin Semel, Assistant District Attorney
(Kimberly Faitella, Assistant District Attorney, also present)
for the Commonwealth.
Gilbert F. Nason, Jr., for the defendant.


LENK, J.  General Laws c. 276, § 58A, permits the pretrial

detention of a defendant, without bail, where the individual

poses an ongoing danger such that "no conditions of release will

reasonably assure the safety of any other person or the

community."  To be detained pursuant to a finding of

dangerousness prior to trial, a defendant first must be charged with one of an enumerated set of predicate offenses.  Among these is any "felony offense that has as an element of the offense the use, attempted use or threatened use of physical force against the person of another."  G. L. c. 276, § 58A (1).

The defendant is alleged to have engaged in sexual activity with a thirteen year old boy whom he met online, in violation of G. L. c. 265, § 23A (statutory rape), and G. L. c. 265, § 13B (indecent assault and battery on a child).  In Commonwealth v. Barnes, 481 Mass. 225, 229-230 (2019), we recently determined that the rape of a child, not by force but aggravated by age, does not constitute a predicate offense under G. L. c. 276, § 58A, because the offense is not one of the enumerated offenses identified in the statute and does not have as an element the use, attempted use, or threatened use of physical force.  Put differently, under the dangerousness statute, G. L. c. 276, § 58A, a person charged with statutory rape cannot be held without conditions of release prior to trial.

The Commonwealth argues that a charge for the distinct crime of indecent assault and battery on a child under the age of fourteen, at issue here, renders an individual eligible for such pretrial detention, even where its more severe analog does not.  Compare G. L. c. 265, § 13B (maximum penalty ten years in State prison), with G. L. c. 265, § 23A (minimum penalty ten

years in State prison). We disagree, and conclude that a charge of indecent assault and battery on a child under the age of fourteen may not form the basis for pretrial detention under G. L. c. 276, § 58A.

1. Background. The following is taken from the agreed-upon statement of facts by both parties.

The defendant was charged with two counts of aggravated rape of a child, G. L. c. 265, § 23A,[1] and two counts of indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B. He was arraigned in February 2019.[2] At arraignment, the Commonwealth sought a dangerousness hearing. See G. L. c. 276, § 58A.

---

[1] The complaint appears to charge that "there existed more than a [five] year age difference between the defendant and the victim, and the victim was under [twelve] years of age." By the Commonwealth's contention, the victim was thirteen years old, two years older than the maximum age applicable under G. L. c. 265, § 23A (a). The clerical error does not change our analysis, however, as a violation of G. L. c. 265, § 23A, occurs also, under G. L. c. 265, § 23A (b), where "there exists more than a [ten] year age difference between the defendant and the victim" and the victim "is between the age of [twelve] and [sixteen]."

[2] The Commonwealth maintains that, during the summer of 2018, when he was forty nine years old, the defendant met a thirteen year old boy on an online dating platform. The two arranged to meet in a park and then engaged in sexual activity in the back of the defendant's van. Later, the juvenile recognized the defendant in public and told his mother he had seen the defendant's van. In January 2019, they reported their suspicions to police.

A judge of the District Court initially found probable cause to detain the defendant pending a dangerousness hearing, and allowed the Commonwealth's request for a three-day continuance. The next day, however, the judge sua sponte required the parties to appear at a second hearing to determine whether any of the charges the defendant faced qualified as a predicate offense under G. L. c. 276, § 58A, in light of our decision in Barnes, 481 Mass. at 230. The judge concluded that none of the charges qualified under the statute and that the defendant could not be detained without bail.[3]

The following day, the Commonwealth filed an emergency petition for extraordinary relief in the county court, pursuant to G. L. c. 211, § 3. The single justice reserved and reported

_____

[3] Initially, the judge allowed the Commonwealth's request for a ten-day stay in order to file a petition in the county court. Later that day, recognizing the defendant's right to a bail hearing, the judge revised her order and allowed a one-day stay during which the Commonwealth could seek relief in the county court.

Where a judge allows the Commonwealth's request for a dangerousness hearing, a continuance may be permitted, on a showing of good cause, for no more than three days. See Mendonza v. Commonwealth, 423 Mass. 771, 791-792 (1996). See also Commonwealth v. Lester L., 445 Mass. 250, 258 (2005); G. L. c. 276, § 58A (4). Here, the Commonwealth's request for such a hearing was denied. As the issue is not properly before us, we leave for another day consideration of the length of time, if any, a defendant may be held pending appeal from the denial of the Commonwealth's request for a dangerousness hearing.

the matter to the full court, and at the same time ordered that a bail hearing be conducted in the District Court.

During the pendency of these proceedings, the defendant was indicted by a grand jury for the same offenses. In April of 2019, the defendant was arraigned in the Superior Court and placed on pretrial probation.[4]

2. Discussion. The defendant maintains, and the District Court judge determined, that the defendant could not be detained without bail pending trial, given the crimes with which he had been charged. See G. L. c. 276, § 58A.

Pretrial release is governed by two statutes: G. L. c. 276, § 58 (bail statute), and G. L. c. 276, § 58A (dangerousness statute). Under the bail statute, "[t]he preferred pretrial disposition is release on personal

---

[4] Although the issues raised are no longer live, "it is entirely appropriate that we proceed to adjudicate [these] claims." Mendonza, 423 Mass. at 777 (discussing constitutional challenges to G. L. c. 276, § 58A).

> "The issues are certainly of recurring importance to the administration of justice in the Commonwealth, yet owing to the limited time during which detention is authorized and the very short time during which a continuance on the motion of the Commonwealth may be granted, they would almost certainly evade review in this court. In such cases we have often proceeded to consider the important recurring question."

Id., citing Aime v. Commonwealth, 414 Mass. 667, 670 (1993) ("This doctrine is designed to assist in the clarification of the law generally, and not simply to assist the situation of a particular party").

recognizance."  Mendonza v. Commonwealth, 423 Mass. 771, 774 (1996), citing G. L. c. 276, § 58.  Where release on personal recognizance "will not reasonably assure the appearance of the person before the court," conditions of release, including bail, are appropriate.  See G. L. c. 267, § 58.  The purpose of bail is to assure the appearance of the accused in court.  See Commonwealth v. Brangan, 477 Mass. 691, 692, 699 (2017); Commonwealth v. King, 429 Mass. 169, 174 (1999).

Pretrial detention is a measure of last resort.  See Brangan, 477 Mass. at 704 ("in our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception" [citation omitted]).  Prior to conviction, a criminal defendant is presumed not to have committed the crimes charged.  See Commonwealth v. Madden, 458 Mass. 607, 610 (2010). Bail set in an amount that the individual cannot afford, resulting in "the functional equivalent of an order for pretrial detention," Brangan, 477 Mass. at 705, is permissible only where no other conditions or amount of bail would "adequately assure the person's appearance before the court."  G. L. c. 276, § 58.[5]

---

[5] Where the amount of bail is likely to result in prolonged pretrial detention,

> "an authorized person setting bail must provide written or orally recorded findings of fact and a statement of reasons as to why, under the relevant circumstances, neither alternative nonfinancial conditions nor a bail amount that the person can afford will reasonably assure his or her

In the absence of a motion by the Commonwealth pursuant to G. L. c. 276, § 58A, any potential danger posed by the defendant to the community does not factor into the calculus. King, 429 Mass. at 174.[6]

Under the dangerousness statute, however, pretrial detention may be permitted, in limited circumstances, where "no conditions of release will reasonably assure the safety of any other person or the community." G. L. c. 276, § 58A. See Mendonza, 423 Mass. at 774. Such a determination is made after a dangerousness hearing, held at the Commonwealth's request.[7]

---

appearance before the court, and further, must explain how the bail amount was calculated after taking the person's financial resources into account and why the commonwealth's interest in bail or a financial obligation outweighs the potential adverse impact on the person, their immediate family or dependents resulting from pretrial detention."

G. L. c. 276, § 58.

[6] "Section 58 does not provide for the consideration of public safety in determining whether to release a person to bail. Rather, the only permissible consideration is whether the defendant is reasonably likely to reappear before the court." (Footnote omitted.) Commonwealth v. King, 429 Mass. 169, 174 (1999).

[7] At such a hearing, the Commonwealth bears the "heavy burden" of proving the defendant's dangerousness by clear and convincing evidence. Commonwealth v. Diggs, 475 Mass. 79, 80 n.2 (2016), citing Mendonza, 423 Mass. at 780. "The [defendant] has a right to counsel at the hearing, including, if appropriate, appointed counsel. [The defendant] shall have the right to testify, [to] present witnesses and information, and to cross-examine witnesses who appear against him [or her]." Mendonza, supra at 774-775.

a.  Predicate offenses under G. L. c. 276, § 58A.  Where the Commonwealth seeks pretrial detention on account of an individual's dangerousness, "[t]he threshold question in every case is whether the defendant has [been charged with committing] a predicate offense under [G. L. c. 276,] § 58A (1)."  See Commonwealth v. Young, 453 Mass. 707, 711 (2009).  If no predicate offense has been charged, a defendant may not be placed in pretrial detention under G. L. c. 276, § 58A.

The charges for which an individual may be detained prior to trial, due to dangerousness, are limited.  See Commonwealth v. G.F., 479 Mass. 180, 198 (2018); Madden, 458 Mass. at 610.  The practice of pretrial detention on the basis of dangerousness has been upheld as constitutional in part because the Legislature "carefully limit[ed] the circumstances under which detention may be sought to the most serious of crimes," e.g., a "specific category of extremely serious offenses."  United States v. Salerno, 481 U.S. 739, 747, 750 (1987).[8]  See Brangan, 477 Mass. at 706, quoting Aime v. Commonwealth, 414 Mass. 667,

_____

[8] In the Federal context, pretrial detention was intended to be limited to a "small but identifiable group of particularly dangerous defendants."  See United States v. Silva, 133 F. Supp. 2d 104, 110 (D. Mass. 2001), quoting See S. Rep. No. 225, 98th Cong., 2d Sess., at 4-12 (1983), reprinted in 1984 U.S.C.C.A.N. 3182, 3189.  "Congress specifically found that these individuals are far more likely to be responsible for dangerous acts in the community after arrest [than individuals accused of other crimes]."  United States v. Salerno, 481 U.S. 739, 750 (1987).

680 (1993) ("State may not enact detention schemes without providing safeguards similar to those which Congress incorporated into the [Federal] Bail Reform Act").  See also Mendonza, 423 Mass. at 786-787 (inclusion of certain enumerated crimes under G. L. c. 276, § 58A, but not under Federal Bail Reform Act, raises no constitutional concerns where enumerated crimes exhibited sufficient "menace of dangerousness").

Indecent assault and battery on a child, as codified in G. L. c. 265, § 13B, is not among the crimes explicitly enumerated as a predicate offense permitting pretrial detention under G. L. c. 276, § 58A.[9]  The Commonwealth argues that the offense nonetheless falls under the "force clause" in the statute, which appends to the list of enumerated offenses any "felony offense that has as an element of the offense the use, attempted use or threatened use of physical force against the person of another."  See G. L. c. 276, § 58A (1).[10]

---

[9] "The enumerated offenses in [G. L. c. 276, § 58A (1),] include the following:  'the crimes of burglary and arson whether or not a person has been placed at risk thereof, . . . a violation of an order pursuant to [G. L. c. 208, § 18, 34B, or 34C; G. L. c. 209, § 32; G. L. c. 209A, § 3, 4, or 5; or G. L. c. 209C, § 15 or 20], . . . arrested and charged with a violation of [G. L. c. 269, § 10 (a), (c), or (m); G. L. c. 266, § 112; or G. L. c. 272, §§ 77, 94], or arrested and charged with a violation of [G. L. c. 269, § 10G].'"  Commonwealth v. Barnes, 481 Mass. 225, 227 n.2 (2019).

[10] In addition to the enumerated offenses and the force clause, the statute also incorporates offenses by means of an abuse clause and a residual clause.  See Barnes, 481 Mass.

In determining whether a crime qualifies under the force
clause of G. L. c. 276, § 58A, we take a "categorical approach."
See Barnes, 481 Mass. at 228.  Our analysis turns on "the
elements of the offense, rather than the facts of or
circumstances surrounding the alleged conduct."  Id., citing
Young, 453 Mass. at 711-712.[11]  That is to say, we look at the
definition of the crime, rather than the facts of any one
particular case.  See Commonwealth v. Wentworth, 482 Mass.
664, 671 & n.4 (2019) (noting that strict elements-based
approach is appropriate where defendant has no right to trial by
jury during dangerousness proceeding).  Where "physical force"
is an element of the offense charged, the offense qualifies
under the statute.  See Barnes, supra at 235-236 (setting forth,
as examples:  "G. L. c. 265, § 22A [rape of child]; G. L.
c. 265, § 22 [rape]; G. L. c. 265, § 18C [home invasion]; G. L.

---

at 227.  The Commonwealth does not argue that the abuse clause
applies here.  The residual clause is no longer applicable, as
we have determined that it is unconstitutionally vague.  Id.
at 232.

[11] As the United States Supreme Court noted in the Federal
context, "The alternative, case-by-case, approach would collapse
the distinction between the holding that triggers a detention
hearing and the factors relevant at the hearing . . . ."  See
United States v. Singleton, 182 F.3d 7, 12 (1999).  "Thus,
because adopting a case-by-case approach would blur two distinct
statutory inquiries and would give more weight to fact-intensive
analysis at an earlier stage of the case than [the Legislature]
appears to have intended, . . . offenses eligible for pretrial
detention hearings are ascertainable categorically by reference
to their elements . . . ."  Id.

c. 265, § 19 [unarmed robbery]; G. L. c. 265, 51 [human trafficking -- 'forced services']").

Accordingly, we must determine whether indecent assault and battery on a child under fourteen, under G. L. c. 265, § 13B, includes "the use, attempted use or threatened use of physical force" as an element of the offense. G. L. c. 276, § 58A (1).

b. Elements. General Laws c. 265, § 13B, does not precisely define the elements of the crime ("Whoever commits an indecent assault and battery on a child under the age of [fourteen] shall be punished . . ."). "[W]e presume that the Legislature intended to incorporate the common law definition of assault and battery." Commonwealth v. Burke, 390 Mass. 480, 481-482 (1983) (interpreting G. L. c. 265, § 13B).[12] Because an assault is "an offer or attempt to do a battery," we need look

---

[12] To prove a violation of G. L. c. 265, § 13B, the Commonwealth must show that a battery occurred, that the touching was indecent, and that it was committed on a child under the age of fourteen. See Commonwealth v. Suero, 465 Mass. 215, 220 (2013). See also Doe, Sex Offender Registry Bd. No. 151564 v. Sex Offender Registry Bd., 456 Mass. 612, 616 (2010); Commonwealth v. Colon, 93 Mass. App. Ct. 560, 562 (2018); Instruction 6.520 of the Criminal Model Jury Instructions for Use in the District Court (2018). For a battery to be "indecent," it must be "fundamentally offensive to contemporary standards of decency and moral values." See Commonwealth v. Trowbridge, 419 Mass. 750, 758 (1995). See also Doe, Sex Offender Registry Bd. No. 151564, supra; Commonwealth v. Rosa, 62 Mass. App. Ct. 622, 625 (2004). The elements of indecency and age do not require force; the Commonwealth contends that the element of battery, however, does.

only to the crime of battery to determine whether the offense includes an element of force.  See id. at 482.

We have recognized three types of criminal battery at common law:  harmful battery, reckless battery, and offensive battery.  See Commonwealth v. Eberhart, 461 Mass. 809, 819 (2012).  See also Commonwealth v. Beal, 474 Mass. 341, 352 (2016); G. L. c. 265, § 13A.  Harmful battery is "[a]ny touching 'with such violence that bodily harm is likely to result.'" Burke, 390 Mass. at 482, quoting Commonwealth v. Farrell, 322 Mass. 606, 620 (1948).  Reckless battery is a "wilful, wanton and reckless act which results in personal injury to another" (citation omitted).  Eberhart, supra at 818.  See Commonwealth v. Porro, 458 Mass. 526, 529 (2010).  The defendant does not dispute that these types of battery require the use of physical force.

Offensive battery, by contrast, requires only that "the defendant, without justification or excuse, intentionally touched the victim, and that the touching, however slight, occurred without the victim's consent."  See Eberhart, 461 Mass. at 818, quoting Commonwealth v. Harnett, 72 Mass. App. Ct. 467, 476 (2008).  An offensive touching "is so only because of lack of consent," and comes into play "when the alleged battery is not of the physically harmful type."  Burke, 390 Mass. at 483. "The affront to the victim's personal integrity is what makes

the touching offensive."  Id.  Such "de minimis touchings" may include tickling, see, e.g., Hartnett, supra; spitting, see, e.g., Commonwealth v. Cohen, 55 Mass. App. Ct. 358, 359-360 (2002); or moving someone from one room to another, see, e.g., Parreira v. Commonwealth, 462 Mass. 667, 672 (2012). Commonwealth v. Colon, 81 Mass. App. Ct. 8, 20 (2011).  It is this third type of battery that the defendant argues does not include an element of "physical force."

We previously have determined that a crime that requires physical contact or touching need not necessarily require the use of "physical force."  See, e.g., Barnes, 481 Mass. at 230 (force not element of statutory rape).  See also Commonwealth v. De La Cruz, 15 Mass. App. Ct. 52, 59 (1982) (force and violence not elements of battery).[13]

---

[13] "Force" is not the equivalent of "touch."  As the United States Court of Appeals for the Seventh Circuit put it,

> "Every battery entails a touch, and it is impossible to touch someone without applying some force, if only a smidgeon.  Does it follow that every battery comes within [18 U.S.C. § 16(a)]?  No, it does not.  Every battery involves 'force' in the sense of physics or engineering, where 'force' means the acceleration of mass. . . .  [W]e must treat the word "force" as having a meaning in the legal community that differs from its meaning in the physics community. . . .  Otherwise 'physical force against' and 'physical contact with' would end up meaning the same thing . . . ."

Flores v. Ashcroft, 350 F.3d 666, 672 (7th Cir. 2003) (interpreting "physical force" under Federal definition of "crime of violence").

In Barnes, 481 Mass. at 227, the defendant and a child were alleged to have communicated via social media, gone to a hotel, and engaged in sexual intercourse.  The defendant was charged with the rape of a child, G. L. c. 265, § 23A, not by force but, rather, aggravated by a difference in age (so-called statutory rape).  Although sexual intercourse necessarily requires physical contact, we concluded that it does not require "physical force" within the meaning of G. L. c. 276, § 58A.  See Barnes, supra at 229.  Indeed, when prosecuting such a crime, the Commonwealth need not prove that physical force, or the threat thereof, was used (for instance, to overpower the will of the child); it is sufficient that the child did not, and indeed could not, consent to the sexual activity.  See id.

With respect to G. L. c. 265, § 13B, "a child under the age of [fourteen] years shall be deemed incapable of consenting" to conduct prosecuted under that section.  By eliminating consent as a defense, the Legislature placed G. L. c. 265, § 13B, "in the same category as statutory rape."  See Commonwealth v. Knapp, 412 Mass. 712, 714-715 (1992).  That a child cannot consent makes the act unlawful; it does not, however, transform the act into an application of physical force.  Cf. Barnes, 481 Mass. at 229 ("The fact that a child is incapable of consenting to sexual intercourse is relevant not to whether there is an

element of force in statutory rape but, instead, to whether consent is a defense to the crime [it is not]").

Physical force is not required in order to transform sexual intercourse into rape; lack of consent suffices. So too with indecent assault and battery; that the underlying touching was offensive is sufficient. Indeed, that physical force is not required enables the prosecution of indecent assault and battery in a greater number of cases. The reverse side of that coin, however, is that a charge of indecent assault and battery does not necessitate a crime of physical force.[14]

The Commonwealth urges us to jettison the interpretation of force we relied on in Barnes, 481 Mass. at 229, and instead to embrace the "common-law" meaning, whereby force may consist of any touching, however minimal. In United States v. Castleman, 572 U.S. 157, 163-164 (2014), for example, the United States Supreme Court reasoned that, in defining a "misdemeanor crime of

---

[14] At a bail determination hearing, we do not look beyond the elements of assault and battery to discern, on a case-by-case basis, whether a harmful, reckless, or offensive battery underlay the charges. See Commonwealth v. Young, 453 Mass. 707, 711-712 (2009). Cf. Commonwealth v. Colon, 81 Mass. App. Ct. 8, 17 (2011) ("Harmful battery, reckless battery, and offensive battery have different material elements, so a certified record of conviction that refers only to 'assault and battery' could refer to any one of these three sets of material elements"). But see Commonwealth v. Wentworth, 482 Mass. 664, 672 (2019) (modified categorical approach appropriate in context of sentence enhancement where "jury must conclude beyond a reasonable doubt that the conviction involved violence").

domestic violence," Congress "meant to incorporate that misdemeanor-specific meaning of 'force,'" which is "satisfied by even the slightest offensive touching."  The same cannot be said, however, of G. L. c. 276, § 58A, wherein the Legislature explicitly limited the application of the clause to "felony" offenses.  As the Court reasoned in Johnson v. United States, 559 U.S. 133, 141 (2010), the meaning of "physical force" should not be "derived from a common-law misdemeanor" where it is used to define a class of felonies.[15]

c.  Related statutes.  Our interpretation is consistent with the interpretation of similar "force clauses" in related Federal and Massachusetts statutes that predate the enactment of G. L. c. 276, § 58A.  "When a statute does not define its words we give them their usual and accepted meanings, as long as these meanings are consistent with the statutory purpose. . . .  We derive the words' usual and accepted meaning from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions" (citation omitted).  Barnes, 481 Mass. at 234-235.  See Young, 453 Mass. at 712 (citing Federal authority in interpreting Federal Bail Reform Act, which postdates enactment of G. L. c. 276, § 58A).

---

[15] "At common law, battery -- all battery, and not merely battery by the merest touching -- was a misdemeanor, not a felony" (emphasis in original).  Johnson v. United States, 559 U.S. 133, 141 (2010).

The Federal armed career criminal act, for instance, includes among its predicate offenses any "violent felony," i.e., felonies having "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B).  This language is identical to that used in G. L. c. 276, § 58A.[16]  Interpreting the Federal statute, the United States Supreme Court determined that "physical force" suggests "a degree of power that would not be satisfied by the merest touching."  See Johnson, 559 U.S. at 138-139, quoting Webster's New International Dictionary 985 (2d ed. 1954) (defining "force" as, among other things, "[p]ower, violence, compulsion, or constraint," "often an unusual degree of strength or energy").  The Court therefore concluded that a battery, within the meaning of the statute, did not include an element of "physical force."  Id. (State interpretation of battery included any "intentional physical conduct" made "without consent" [citations omitted]).

We similarly have held that offensive battery does not include an element of "physical force" for purposes of the Massachusetts armed career criminal act.  There, the force

---

[16] General Laws c. 276, § 58A, was enacted in 1994.  See St. 1994, c. 68, § 6.  The relevant language appeared in the Federal armed career criminal act as early as 1984.  See Pub. L. 98-473, Title II, §§ 223(a), 1005(a), 98 Stat. 2028, 2138 (1984).

clause defines a "violent crime" as any felony having "as an element the use, attempted use or threatened use of physical force or a deadly weapon against the person of another." G. L. c. 140, § 121. Adopting "violent or substantial force capable of causing pain or injury" as the relevant definition, we determined that a conviction of assault and battery, not distinguishing between harmful, reckless, or offensive battery, does not necessarily imply an element of physical force. See Eberhart, 461 Mass. at 818-820 ("Harmful battery and reckless battery do have as an element the use of 'physical force' sufficient to implicate the sentencing enhancement. Offensive battery, however, . . . does not"). See also Colon, 81 Mass. App. Ct. at 17-18.

We note that the force clause of the dangerousness statute, G. L. c. 276, § 58A, was modeled on that in the Federal Bail Reform Act of 1984. See 18 U.S.C. § 3156, amended by Pub. L. 98-473, Title II, §§ 203(c), 223(h), 98 Stat. 1985, 2029 (1984). See Brangan, 477 Mass. at 704. The Federal statute enumerates, as predicate offenses eligible for pretrial detention, those offenses having "as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 3156(a)(4). The statute specifies that these are not mere crimes of physical contact, but, rather, "crime[s] of violence." Id.

Where a word or phrase "is obviously transplanted from another legal source, . . . it brings the old soil with it." See Castleman, 572 U.S. at 176 (Scalia, J., concurring), quoting Sekhar v. United States, 570 U.S. 729, 733 (2013). The force clause of G. L. c. 276, § 58A, mirrors language elsewhere that defines a "violent felony," 18 U.S.C. § 924(e)(2)(B); a "violent crime," G. L. c. 140, § 121; and a "crime of violence," 18 U.S.C. § 3156(a)(4). We are aware of no similar language in any Massachusetts or Federal statute that has been interpreted to mean the use of force so minimal as to encompass an offensive battery.

We previously have declined to adopt the sweeping definition of force that the Commonwealth proposes, see Barnes, 481 Mass. at 230, and we see no reason to do so here. Accordingly, we determine that indecent assault and battery on a child under the age of fourteen, G. L. c. 265, § 13B, does not contain an element of physical force, and cannot qualify as a predicate offense under G. L. c. 276, § 58A.

3. Conclusion. The matter is remanded to the county court for entry of an order affirming the District Court judge's order denying pretrial detention.

So ordered.