NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13345

CHAYANNE VELAZQUEZ  vs.  COMMONWEALTH.


Suffolk.     January 6, 2023. - February 9, 2023.

Present:  Budd, C.J., Gaziano, Lowy, Cypher, Kafker, Wendlandt,
& Georges, JJ.


Pretrial Detention.  Time.  Statute, Construction.



Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on April 19, 2022.

Following transfer to the Appeals Court, the case was heard
by Eric Neyman, J., and the case was reported by him to a panel
of that court.

The Supreme Judicial Court granted an application for
direct appellate review.


Catherine Langevin Semel, Assistant District Attorney, for
the Commonwealth.
Patrick Levin, Committee for Public Counsel Services, for
the petitioner.


LOWY, J.  "General Laws c. 276, § 58B, provides that where

a person on pretrial release has violated a condition of that

release, . . . the release may be revoked and the person may be

subject to pretrial detention." Commonwealth v. Lougee, 485 Mass. 70, 79-80 (2020). This case requires us to determine whether the presumptive time limit on pretrial detention outlined in § 58B is calculated from when an individual is first detained or from when an order of detention formally issues. We conclude that the presumptive time limit must be calculated from the date a person is detained regardless of when a formal order of detention issues.

Background and prior proceedings. While facing various charges in the Boston Municipal Court (BMC) and the Superior Court in Middlesex County (Middlesex Superior Court), the petitioner, Chayanne Velazquez (defendant), was released on bail. On December 26, 2021, while on release, the defendant allegedly committed an assault and battery on a family or household member, and he was arraigned on February 2, 2022, in the Lynn Division of the District Court Department (Lynn District Court). The Commonwealth filed two motions in the Lynn District Court. The first sought pretrial detention pursuant to G. L. c. 276, § 58A, in the Lynn District Court case, and the second, pursuant to § 58B, sought to revoke the defendant's bail in the cases pending in the BMC and the Middlesex Superior Court. The arraignment judge made a determination of probable cause under G. L. c. 276, § 58A, and ordered that the defendant be held without bail pending resolution of the Commonwealth's

motions.  The motions were scheduled to be heard on February 4, 2022.

On the scheduled hearing date, the court house was closed due to inclement weather, and the hearing was ultimately held on February 8, 2022.  At that time, the judge ordered the defendant held for 120 days pursuant to § 58A, until June 8, 2022, and for ninety days pursuant to § 58B, until May 9, 2022.  The May 9, 2022, date was communicated to both the BMC and the Middlesex Superior Court; the Middlesex Superior Court entered the detention under § 58B on its docket for "a period of [ninety] days as of 2022 FEB 2."[1]

On April 7, 2022, the Lynn District Court charge was dismissed.  The defendant then filed a motion to reconsider the bail revocation order, which was denied.  Defense counsel asked that the docket be corrected to reflect that the defendant's ninety days of detention, pursuant to § 58B, began to run on the date of arraignment rather than the date that the formal order issued.  The judge denied this request.

---

[1] "The ninety-day revocation period under § 58B . . . includes excusable delay under Mass. R. Crim. P. 36 (b) (2)[, 378 Mass. 909 (1979)], which means that the period of pretrial detention can extend well beyond ninety days." Josh J. v. Commonwealth, 478 Mass. 716, 723 n.8 (2018).  Neither the judge below nor the parties raised the issue of excusable delay under Mass. R. Crim. P. 36 (b) (2).

The defendant filed a petition in the county court for extraordinary relief pursuant to G. L. c. 211, § 3. A single justice of this court transferred the matter to a single justice of the Appeals Court.[2] The single justice of the Appeals Court granted the defendant's request for relief and also reported the case to a panel of that court. We allowed the defendant's application for direct appellate review.

Discussion. "To determine the proper application of . . . [§] 58B, we apply the well-established principles of statutory construction." Josh J. v. Commonwealth, 478 Mass. 716, 719 (2018). "Our fundamental aim is to 'discern and effectuate the intent of the Legislature.'" Id., quoting Commonwealth v. Morgan, 476 Mass. 768, 777 (2017). "To that end, '[t]he language of the statute is the primary source of insight into the intent of the Legislature.'" Josh. J., supra, quoting Commonwealth v. Millican, 449 Mass. 298, 300 (2007). "Therefore, where the statute is clear and unambiguous, our inquiry into the Legislature's intent need go no further than the statute's plain and ordinary meaning." Josh J., supra. But "[w]here the draftsmanship of a statute is faulty or lacks precision, it is our duty to give the statute a reasonable construction." Commonwealth v. Pagan, 445 Mass. 315, 319

---

[2] See Order Regarding Transfer of Certain Single Justice Matters During the COVID-19 Pandemic, No. OE-144 (June 8, 2020).

(2005), quoting Capone v. Zoning Bd. of Appeals of Fitchburg, 389 Mass. 617, 622 (1983).

Pursuant to G. L. c. 276, § 58B, "a defendant's release may be revoked where, after hearing, a judge makes two findings: (1) that there is probable cause to believe that a person on pretrial release has committed a new crime while on release, or clear and convincing evidence that the person has violated any other condition of release; and (2) that 'there are no conditions of release that will reasonably assure the person will not pose a danger to the safety of any other person or the community' or 'the person is unlikely to abide by any condition or combination of conditions of release'" (citation omitted). Lougee, 485 Mass. at 80.

Section 58B sets forth two different time limitations related to the bail revocation. The first concerns continuances. The statute provides that "[u]pon the person's first appearance . . . for revocation of an order of release under this section," the revocation hearing must be held immediately unless the person or the Commonwealth seeks a continuance. G. L. c. 276, § 58B. If the person is detained without bail during the continuance period, the continuance period cannot exceed three business days on the Commonwealth's motion and cannot exceed seven days on the person's motion. Id.

The second time limitation, which is at issue in this case, is the final sentence of the statute. The sentence states, "A person detained under this subsection, shall be brought to trial as soon as reasonably possible, but in the absence of good cause, a person so held shall not be detained for a period exceeding ninety days excluding any period of delay as defined in [Mass. R. Crim. P. 36 (b) (2), 378 Mass. 909 (1979)]." Id.

The Commonwealth claims that the statute's ninety-day time limit begins to run when a formal order issues.[3] The defendant asserts that the time period must begin to run when a person is initially detained. We conclude that the ninety-day limit must be calculated from the date a person is detained regardless of when the formal order of detention is issued.

"The right of an individual to be free from physical restraint is a paradigmatic fundamental right" (citation omitted). Mushwaalakbar v. Commonwealth, 487 Mass. 627, 633

---

[3] To support its position, the Commonwealth argues that there are two separate and distinct periods of detention contemplated by § 58B -- (1) detention during a period of continuance and (2) detention after a formal order has entered -- and that the different detention periods arise only in a situation where a continuance is requested. Relying primarily on Millican, 449 Mass. at 301, where we explained that the words "section" and "subsection" cannot be used interchangeably, the Commonwealth contends that because the statute refers to "[a] person detained under this subsection" in reference to the ninety-day detention period, the Legislature did not intend for the ninety-day detention period to apply to the entirety of ways or time periods that a person can be detained under the statute. We do not agree, for the reasons discussed infra.

(2021). It is a right that "is firmly embedded in the history of Anglo-American law." Aime v. Commonwealth, 414 Mass. 667, 676 (1993). "Pretrial detention schemes[, such as the one outlined in § 58B,] necessarily balance the liberty interest of individuals presumed innocent against public safety concerns posed by high-risk defendants." Mushwaalakbar, supra, quoting Matter of the Request to Release Certain Pretrial Detainees, 245 N.J. 218, 231 (2021). Our conclusion that the clock starts running as soon as a person is detained maintains the required balance and is in keeping with the well-established principles that pretrial detention "is constitutional precisely because it is 'temporary and provisional' and 'the trial itself provides an inevitable end point to the State's preventive authority.'" Mushwaalakbar, supra at 632, quoting Mendonza v. Commonwealth, 423 Mass. 771, 781, 790 (1996).

Moreover, our holding is equally consistent with our previous analysis of this very sentence in Lougee, 485 Mass. at 76-77, 79-80.[4] In that case, we clearly explained that "by stating . . . that persons held in pretrial detention 'shall be brought to trial as soon as reasonably possible,' the

---

[4] We recognize that in Lougee, 485 Mass. at 76-77, our analysis focused on a sentence in G. L. c. 276, § 58A (3). However, we stated that "[e]xcept for the shorter, ninety-day time limit" the sentence at issue in this case is "virtually identical" and, as a result, that analysis "is therefore equally applicable to § 58B." Id. at 80.

Legislature declared its intent that pretrial detainees be given priority when there is a queue of criminal cases awaiting trial" and that "this sentence sets a presumptive time limit for such cases to be brought to trial -- [ninety days]" (emphasis added; citation omitted).  Id. at 76.  Thus, where § 58B is applicable, the ninety-day clock begins to run at the time that a person is detained and his or her liberty is curtailed irrespective of when the formal order is issued.  Any other interpretation would be antithetical to the statute's presumptive time limit on when the case will be "brought to trial" and the Legislature's intent that priority be given to cases where § 58B has been invoked.[5] Id.  Cf. Abbott A. v. Commonwealth, 458 Mass. 24, 40 (2010) ("Pretrial detention under § 58A was intended to be short lived, ending on the conclusion of a speedy trial").

Conclusion.  For the reasons discussed supra, we hold that the presumptive ninety-day time limit on pretrial detention outlined in G. L. c. 276, § 58B, begins to run at the time an

---

[5] Moreover, "where the language of a criminal statute plausibly can be found ambiguous, the rule of lenity requires that the defendant receive the benefit of the ambiguity." Commonwealth v. Dayton, 477 Mass. 224, 226 (2017).  "We recognize that [§ 58B] is not a 'criminal' statute in the sense of enumerating the elements of a particular crime.  However, it applies only where someone has been charged with a crime, and it opens the door to a potentially severe curtailment of a defendant's liberty . . . .  Therefore, the rule of lenity applies" and further supports our conclusion.  Id. at 226 n.2. See Lougee, 485 Mass. at 79-80.

individual is detained, regardless of whether a formal order of detention has entered.  We therefore affirm the order of the Appeals Court single justice allowing the defendant's petition for extraordinary relief pursuant to G. L. c. 211, § 3.

<u>So ordered</u>.